## VIETOR *v.* ARTHUR.

Stockings of worsted, or of worsted and cotton, made on frames and imported after June 22, 1874, are dutiable as stockings, under schedule M, class 3, sect. 2504, of the Revised Statutes.

ERROR to the Circuit Court of the United States for the Southern District of New York.

Subsequently to June 22, 1874, Vietor imported into New York, stockings. Some of them were wholly worsted. The others were composed of cotton and worsted, cotton being the material of chief value. They were intended to be worn by men, women, and children, and were made on frames. They were also "knit goods," this term comprising all goods made on frames, and also all hand-knit stockings and other knitted articles of various kinds.

They were classified by the appraiser as worsted knit goods, costing over eighty cents a pound, and Arthur, the collector of customs of the port of New York, exacted a duty at the rate of ninety per cent of fifty cents per pound and thirty-five per cent *ad valorem*, holding that the goods were, as knit goods, subject to the duty prescribed by schedule L, class 3, sect. 2504, Rev. Stat. The importer claimed that they were dutiable as stockings made on frames, worn by men, women, and children, and subject to the duty prescribed in schedule M. Both schedules are set out in the opinion of this court.

The duties claimed by the collector were paid under protest, and Vietor brought this suit against him. Judgment having been rendered for the defendant, Vietor sued out this writ.

*Mr. Stephen G. Clarke* for the plaintiff in error.

*Mr. Edwin B. Smith*, Assistant Attorney-General, *contra*.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The question in this case is whether stockings of worsted, or worsted and cotton, made on frames, and worn by men, women, and children, imported after the Revised Statutes went into effect, June 22, 1874, are dutiable as knit goods, under

schedule L, class 3, sect. 2504, or as stockings, under schedule M. The two provisions under which the parties make their respective claims are as follows: —

*Sched. L.* — "Flannels, blankets, hats of wool, knit goods, balmorals, woollen and worsted yarns, and all manufactures of every description composed wholly or in part of worsted, the hair of the alpaca, goat, or other like animals, except such as are composed in part of wool, not otherwise provided for, valued at not exceeding forty cents per pound: twenty cents per pound; valued at above forty cents per pound and not exceeding sixty cents per pound: thirty cents per pound; valued at above sixty cents per pound and not exceeding eighty cents per pound: forty cents per pound; valued at above eighty cents per pound: fifty cents per pound; and, in addition thereto, upon all the above-named articles, thirty-five per centum *ad valorem.*"

*Sched. M.* — "Clothing, ready-made, and wearing-apparel of every description, of whatever material composed, except wool, silk, and linen, made up or manufactured wholly or in part by the tailor, seamstress, or manufacturer, not otherwise provided for, caps, gloves, leggins, mitts, socks, stockings, wove shirts and drawers, and all similar articles made on frames, of whatever material composed, except silk and linen, worn by men, women, or children, and not otherwise provided for, articles worn by men, women, or children, of whatever material composed, except silk and linen, made up or made wholly or in part by hand, not otherwise provided for: thirty-five per centum *ad valorem.*"

In *United States* v. *Bowen* (100 U. S. 508), we held that the Revised Statutes must be treated as a legislative declaration of what the statute law of the United States was on the 1st of December, 1873, and that when the meaning was plain the courts could not look to the original statutes to see if Congress had erred in the revision. That could only be done when it was necessary to construe doubtful language. We applied this rule in *Arthur* v. *Dodge* (101 id. 34) to the construction of the revision of the tariff laws.

It is also well settled that when Congress has designated an article by its specific name, and imposed a duty on it by such name, general terms in a later act, or other parts of the same act, although sufficiently broad to comprehend such article, are

not applicable to it.  *Movius* v. *Arthur*, 95 U. S. 144; *Arthur* v. *Lahey*, 96 id. 112.

It is conceded that stockings made on frames have been dutiable *eo nomine* since 1842, and by four different enactments: subd. 7 and 9 of sect. 1 of the act of Aug. 30, 1842, c. 270 (5 Stat. 549) ; sched. C of sect. 11 of the act of July 30, 1846, c. 74 (9 Stat. 44); sect. 22 of the act of March 2, 1861, c. 68 (12 Stat. 191) ; sect. 2 of the act of July 14, 1862, c. 163. Id. 556.  Now, when we find, as we do in schedule M of sect. 2504, "stockings . . . made on frames, of whatever material composed, except silk and linen, worn by men, women, and children," it seems to us clear beyond question that goods coming within that specific description are dutiable in the way thus provided, rather than as "knit goods . . . composed wholly or in part of worsted."  It may be true, as suggested, that if there had been no revision, and we had been required to construe the statutes as they stood before Dec. 1, 1873, a different conclusion might have been reached.  We have not deemed it necessary to institute such an inquiry, for it would be contrary to all the rules of construction to say that where in one part of a section of a statute it was provided that "stockings made on frames, of whatever material composed, except silk or linen," should pay duties at a certain rate, it was not *plain* such articles were not in any just sense "otherwise provided for" in a preceding clause of the same section fixing the duties to be paid on "knit goods composed wholly or in part of worsted."  The judgment below was before *United States* v. *Bowen* (*supra*), was decided here.

*Judgment reversed and a venire de novo awarded.*

NOTE. — This opinion was announced at the last term.  A petition for rehearing filed on the last day of that term was continued under advisement, and at the present term overruled.