### VIETOR and others *v.* ARTHUR.

*(Circuit Court, S. D. New York.    February, 1884.)*

CUSTOMS DUTIES — WOOLEN STOCKINGS — SPECIFIC STATUTE NOT REPEALED BY GENERAL.
    The specific provisions of the act of July 14, 1862, § 13, fixing the duty upon "stocking, etc., made on frames," are not repealed, with respect to stockings made of either wool or worsted and cotton, by the general provisions of the act of March 2, 1867, § 2, regulating the duty upon "all manufactures of wool."

Motion for New Trial.
*Stephen G. Clarke,* for plaintiffs.
*Elihu Root* and *Samuel B. Clarke,* for defendant.
COXE, J.    Prior to the Revised Statutes, the plaintiffs imported into this country stockings composed of either wool or worsted and cotton. They were made on frames and worn by men, women, and children. The collector assessed them under the second section of the act of March 2, 1867, as follows:

"On woolen cloths, woolen shawls, and *all manufactures of wool of every description made wholly or in part of wool, not herein otherwise provided for,* fifty cents per pound, and, in addition thereto, thirty-five per cent. *ad valorem.* On flannels, blankets, hats of wool, knit goods, balmorals, woolen and worsted yarns, and *all manufatures of every description composed wholly or in part of worsted,* the hair of the alpaca, goat, or other like animals, except such as

are composed in part of wool, not otherwise provided for, valued at not exceeding forty cents per pound," etc.   14 St. at Large, 559.

The importers insisted that they should have been classified under section 13 of the act of July 14, 1862, as follows:

"Caps, gloves, leggins, mits, socks, stockings, wove shirts and drawers, and all similar articles *made on frames, of whatever material composed, worn by men, women* and children, and not otherwise provided for."   12 St. at Large, 556.

The supreme court, having the provisions of the Revised Statutes under consideration, as applicable to these identical importations, say, in *Vietor* v. *Arthur,* 104 U. S. 498:

"It is also well settled that when congress has designated an article by its specific name, and imposed a duty on it by such name, general terms in a later act, or other parts of the same act, although sufficiently broad to comprehend such article, are not applicable to it.  *  *  *  It is conceded that stockings made on frames have been dutiable *eo nomine* since 1842, and by four different enactments."

Here, then, is a general and long recognized rule of statutory construction applicable to the law as it existed both before and after the Revision, as applicable to the case at bar as to the case the supreme court were considering.   Tested by it the position of the plaintiffs seems well taken.   They imported "stockings made on frames worn by men, women, and children."   It would be difficult to employ language more correctly describing the articles—the duty being imposed without reference to the material.   But it is asserted that the general language of the act of 1867, viz., "manufactures of wool of every description" and "knit goods  *  *  *  composed wholly or in part of worsted" repealed the provisions quoted from the act of 1862. That it does not do this expressly is admitted, but it is argued that it operates as a repeal by implication.

The act of 1867 was, to use the language of defendant's brief, "intended to be a complete and exhaustive revision of the tariff so far as it related to wool and articles containing wool."   It certainly was very comprehensive, specific, and minute in its classifications.   That in such an act, where "buttons," "head-nets," and "hats of wool" were not forgotten, no mention should have been made of "stockings made on frames" or the acts which for many years imposed a duty upon them by that name, is indeed significant.   Within the rule just quoted from the supreme court the specific description in the act of 1862 was not affected by the general description in the act of 1867.   When the collector turned to the former act he found precisely what the law requires him to search for in the first instance— a particular description of the imported articles.   There was no need to examine further.   His duty was done.

The motion for a new trial is denied.