## SINGER MANUF'G CO. *v.* McCOLLOCK.

*(Circuit Court, E. D. Arkansas.* September 2, 1884.)

1. STATUTES—RULES FOR CONSTRUCTION OF STATUTES.

(1) When an act of the legislature admits of two interpretations, one of which brings it within, and the other presses it beyond, their constitutional authority, the courts will adopt the former construction. (2) In the construction of statutes the rules of grammar are less important than the intention of the legislature; and the sense and spirit of a statute will prevail over the strict grammatical construction of its words. (3) A construction will not be put upon a statute which will render it nugatory, if it is susceptible of a construction that will give it a reasonable operation and effect.

2. SAME—CONSTRUCTION OF A CONSTRUING STATUTE.

A statute which declares "that it was and is the intent and meaning" of a prior act to give redemption from sales of land under decrees of chancery courts, will not be construed to be an invasion of the judicial function, but will be treated as a direct enactment that such prior statute shall, in future, apply to sales of real estate under decrees in chancery.

3. SAME—MORTGAGE—RIGHT OF REDEMPTION—RULE OF PROPERTY.

The right of redemption given by statute at the time a mortgage is executed, enters into, and becomes a part of, the mortgage contract; it is a rule of property, as obligatory on the federal as on the state courts.

In Equity.

*E. W. Kimball,* for plaintiff.

CALDWELL, J.    Under the equity rules, the plaintiff is entitled to a final decree of foreclosure of a mortgage on real estate, executed since the passage of the act of March 4, 1875.    The only question in the case is whether the decree shall in terms give the defendant the right to redeem the mortgaged premises within 12 months after the sale under the decree.    Section 2696 of Gantt's Digest, enacted in 1868, reads as follows:

"When any real estate, or any interest therein, is sold under execution, the same may be redeemed by the debtor from the purchaser, or his vendees, or the personal representatives of either, within 12 months thereafter."

Other sections provide the mode of making the redemption.    This section was held not to apply to sales under decrees of foreclosure of mortgages.    In this state of the law the legislature, on the fourth of March, 1875, passed the following act:

"That it was and is the true intent and meaning of sections numbered two thousand six hundred and ninety-six, (2696,) two thousand six hundred and ninety-seven, (2697,) two thousand six hundred and ninety-eight, (2698,) two thousand six hundred and ninety-nine, (2699,) and two thousand seven hundred (2700) should and does apply to all sales of real estate, made and had under, and by virtue of, decrees of chancery courts, in the same manner as they did to sales under executions at law."

It is said this act is a nullity because it is a legislative construction of a prior statute, and an invasion by the legislative department of the government of the functions that belong to the judicial department.    It must be conceded that the powers of the three departments of the state government—legislative, executive, and judicial—are clearly separated and sharply defined by the constitution; and under this division of power it is unquestionably the function of the legislature to make, and of the courts to construe, the laws.    The judicial power cannot legislate, nor can the legislative power act judicially. But it would hardly be just to impute to the legislature passing this act the deliberate intention to usurp the functions of the judicial department.    Such a construction would be hypercritical and captious, and legislative acts are not to be interpreted by the courts in that spirit.    When an act of the legislature admits of two interpretations, one of which brings it within, and the other presses it beyond, their constitutional authority, the courts will adopt the former construction.    In the construction of statutes the rules of grammar are less important than the intention of the legislature.    And the sense and spirit of the statute prevails over the strict grammatical construction of its words, "for the letter killeth, but the spirit giveth life."    This is a remedial statute, and the words of such a statute are always to be construed largely and beneficially; and it is not unusual to extend the enacting words of a remedial statute beyond their literal import and effect, in order to include cases within the same mischief.    Dwar.

St. 64. And a construction will not be put upon a statute which will render it nugatory, if it is susceptible of a construction that will give it a reasonable operation and effect. It was not competent for the legislature to give this statute a retrospective operation, so far as relates to sales under mortgages, (*Bronson* v. *Kinzie*, 1 How. 311; *Edwards* v. *Kearzey*, 96 U. S. 595; *Brine* v. *Insurance Co.* Id. 627,) and if it does not operate prospectively, then it was enacted in vain. It was obviously the intention of the legislature to apply sections 2696–2700, Gantt's Dig., to all sales under decrees of chancery courts. It was competent for the legislature to have said this in terms, and the act would have been effectual. And when they said "that it was and is the true intent and meaning of" those sections that they should have that effect, they simply meant to assert, as they well might, that in future they should have that effect.

An act of congress declared that "the act of March 2, 1867, shall be construed to impose the taxes therein mentioned to the first day of August, 1870.   *   *   *" It would have been competent for congress to have imposed the taxes in question by an act having a retrospective operation; but it was contended that the enactment quoted was nothing but an unconstitutional effort on the part of congress to invade the powers of the courts, and to give a construction to a prior act of congress of which it was not susceptible. Answering this objection, the court, speaking by Mr. Justice MILLER, said:

"But where it [congress] can exercise a power by passing a new statute, which may be retroactive in its effect, the form of words which it uses to put this power in operation cannot be material, if the purpose is clear, and that purpose is within the power. Congress could have passed a law to reimpose this tax retrospectively, to revive the sections under consideration if they had expired, to re-enact the law by a simple reference to the sections. Has it done anything more? Has it intended to do anything more? Are we captiously to construe the use of the word "construe" as an invasion of the judicial function where the effect of the statute, and the purpose of the statute, are clearly within the legislative function?" *Stockdale* v. *Insurance Cos.* 20 Wall. 323.

A later case before Mr. Justice MILLER, on the circuit, is on all fours with the case at bar. The act of congress of March 2, 1867, (14 St. 426,) impliedly forbade the organization of railroad companies in the mode the corporation in question was organized. But by a subsequent act of congress, (act of June 10, 1872; 17 St. 390,) it was provided that the previous act "shall be construed as having authorized and as authorizing the legislative assemblies of the territories of the United States, by general incorporation acts, to permit persons to associate together as bodies corporate for purposes above named." The railroad company, the legality of whose organization was questioned, filed its certificate of organization in 1873, and its organization was legal if the act of 1872 was valid. But it was contended that that act only construed the former act, and was ineffectual for any purpose. Mr. Justice MILLER, in answer to this contention, said:

"It is denied that congress has any right to give a construction to the statute which will bind the court, and therefore that act of 1867 remains, and this railroad has no competent organization which will enable it to take subscriptions to stock. But in a case which came up concerning taxation under the internal revenue law, which I decided myself in the supreme court, [*Stockdale* v. *Insurance Cos.* 20 Wall. 323,] a very similar statute, construing a former statute, is made the subject of consideration, and in that case the court held that while it might not be true that rights existing prior to the explanatory or declaratory statute will be affected by that declaratory statute, yet, inasmuch as congress or any legislative body has a right to pass a law for the future that such a statute shall be held to mean so and so, while it may not affect past transactions, it is equivalent to the passage of a statute of that character for the future; and, while it is not necessary for us to decide here whether that declaratory statute would affect any contracts or transactions prior to its passage, it is sufficient to say that after its passage it became a part of the law of 1867, and it was a declaration by congress that railroad companies might be organized in the manner that this was organized, after that period." *Stebbins* v. *Board Co. Com'rs*, 4 FED. REP. 282.

The act is effectual to give redemption from sales under decrees of foreclosure rendered on mortgages executed since its passage. This right entered into and became a part of the mortgage contract. It is a rule of property, as obligatory on the federal as on the state courts. *Brine* v. *Insurance Co.* 96 U. S. 627.