## ARTHUR'S EXECUTORS *v.* VIETOR.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 268. Argued May 2, 3, 1888. — Decided May 14, 1888.

Hosiery, composed of wool and cotton, was imported in 1873. The collector assessed the duties at 35 per cent ad valorem, and 50 cents a pound, less 10 per cent, under § 2 of the act of March 2d, 1867, c.

197, 14 Stat. 561, as manufactures made in part of wool, "not herein otherwise provided for." The importer claimed that the goods were dutiable under § 22 of the act of March 2, 1861, c. 68, 12 Stat. 191, and § 13 of the act of July 14, 1862, c. 163, 12 Stat. 556, as stockings made on frames, worn by men, women, and children, at 35 per cent ad valorem, less 10 per cent. In a suit to recover back the excess of duties, the court directed a verdict for the importer: *Held*, that this was error, because the hosiery was not otherwise provided for in the act of 1867, and was a manufacture made in part of wool.

The case of *Vietor* v. *Arthur*, 104 U. S. 498, commented on, and explained, and distinguished.

THIS action was commenced by the defendants in error as plaintiffs in the court below, to recover an excess of duties alleged to have been paid under protest on an importation of hosiery into the port of New York. Trial and verdict for the plaintiffs under direction of the court, and judgment on the verdict. The defendant sued out this writ of error. The case is stated in the opinion.

*Mr. Solicitor General* for plaintiffs in error.

*Mr. Stephen G. Clarke* for defendants in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action at law, commenced in the Superior Court of the city of New York, by Frederick Vietor, George F. Vietor, Carl Vietor, Thomas Vietor, Jr., and Fritz Achelis, against Chester A. Arthur, collector of the port of New York, to recover an alleged excess of duties paid under protest on goods entered at the custom house in New York, from April, 1873, to November, 1873, prior to the enactment of the Revised Statutes.

The goods were hosiery. The appraiser returned the hosiery in some cases as "knit goods, wool hosiery, over 80, 50, 35, less 10 per cent;" in other cases as "worsted knit goods," etc. The collector liquidated the duties on the hosiery at the rate of 35 per cent ad valorem and 50 cents a pound, less a deduction of ten per cent. The plaintiffs protested in writing against the liquidation, "because said merchandise, being merino hosiery, and similar articles made on frames, not other-

wise provided for, is only liable to duty under the 22d section of the tariff act of March 2d, 1861, and the 13th section of the tariff act of July 16th, 1862, at the rate of 35 per centum ad valorem, less 10 per cent under the 2d section of the act of June 6th, 1872, as manufactures wholly or in part of wool, or hair of the alpaca, goat, or other like animal."

All of the goods involved contained from 10 to 20 per cent of either wool or worsted, the other component material being cotton. The wool or worsted formed an appreciable portion of the value of the goods. There is nothing in the case to show the value of, or the amount of duties assessed on, the wool and cotton goods, as distinguished from the worsted and cotton goods.

The plaintiffs offered evidence tending to show that the articles imported by them, similar to samples introduced by them in evidence, were stockings, were worn by men, women, and children, and were made on frames. The plaintiffs claimed that the goods were dutiable under § 22 of the act of March 2, 1861, c. 68, 12 Stat. 191, under a provision imposing a duty of 30 per cent on "caps, gloves, leggins, mits, socks, stockings, wove shirts and drawers, and all similar articles made on frames, of whatever material composed, worn by men, women, or children, and not otherwise provided for;" and § 13 of the act of July 14, 1862, c. 163, 12 Stat. 556, which imposed, from and after the 1st of August, 1862, an additional duty of five per cent ad valorem on "caps, gloves, leggins, mits, socks, stockings, wove shirts and drawers, and all similar articles made on frames, of whatever material composed, worn by men, women, and children, and not otherwise provided for;" and the provision of § 2 of the act of June 6, 1872, c. 315, 17 Stat. 231, which enacts that after the 1st of August, 1872, in lieu of the duties imposed by law upon the articles enumerated in that section, there should be paid 90 per cent of the several rates of duty then imposed by law upon such articles severally, "it being the intent of this section to reduce existing duties on said articles ten per centum of such duties, that is to say. . . . On all wools, hair of the alpaca, goat, and other animals, and all manufactures wholly

or in part of wool or hair of the alpaca, and other like animals, except as hereinafter provided."

The duties levied by the collector, and claimed by the defendant at the trial to have been the proper rate of duty, were assessed under § 2 of the act of March 2, 1867, c. 197, 14 Stat. 561, which imposed the following duties: "On woollen cloths, woollen shawls, and all manufactures of wool of every description made wholly or in part of wool, not herein otherwise provided for, fifty cents per pound, and, in addition thereto, thirty-five per centum ad valorem. On flannels, blankets, hats of wool, knit goods, balmorals, woollen and worsted yarns, and all manufactures of every description composed wholly or in part of worsted, the hair of the alpaca, goat, or other like animals, except such as are composed in part of wool, not otherwise provided for, valued at not exceeding forty cents per pound, twenty cents per pound; valued at above forty cents per pound and not exceeding sixty cents per pound, thirty cents per pound; valued at above sixty cents per pound and not exceeding eighty cents per pound, forty cents per pound; valued at above eighty cents per pound, fifty cents per pound; and, in addition thereto, upon all the above named articles, thirty-five per centum ad valorem."

At the trial, after the plaintiffs had rested, the defendant offered evidence tending to show that knit goods are textile fabrics composed of a single thread united in a series of loops, corresponding to the old-fashioned hand-knitting process, and that the plaintiffs' importations were so made; and, further, that all fabrics made on frames are knit goods. The defendant then rested. The plaintiffs then offered evidence tending to show that the term "knit goods" used in trade and commerce has no different or other meaning than its meaning among men in general; that there are knit goods known to trade and commerce which were not made on frames, but which were made by hand, and that there are other goods, as caps, gloves, leggins, mits, socks, stockings, and drawers, made in whole or in part of worsted, worn by men, women, and children, which are made on a frame and knit, and which are also knit by hand; that, while the result of knitting by hand, and

of the manufacture on a frame of a fabric consisting of a single thread, is the production of a textile fabric composed of a series of connecting loops which are alike in each case, yet the processes by which they are produced are dissimilar ; that the result of the process of manufacturing upon frames and knitting by hand is the same, although the two processes are dissimilar; also, that there are no textile fabrics made on frames which are known in trade and commerce, except fabrics composed of cotton, wool or worsted, silk, linen, or a mixture of these materials. Both parties then rested.

The plaintiffs then moved the court to direct the jury to find a verdict in their favor, which motion was granted. To such ruling the defendant excepted. The jury found a verdict for the plaintiffs. The amount was, by agreement of the parties, adjusted at the custom house, and a judgment was entered for the plaintiffs, including costs, for $1897.96, to review which the defendant has brought a writ of error.

We think that it was error in the court to have directed a verdict for the plaintiffs. The act of 1867 is entitled "An Act to provide increased Revenue from imported Wool, and for other Purposes." Section 1 of the act relates to duties on "unmanufactured wool, hair of the alpaca, goat, and other like animals, imported from foreign countries." Section 2 provides for the following duty : "On woollen cloths, woollen shawls, and all manufactures of wool of every description made wholly or in part of wool, not herein otherwise provided for, fifty cents per pound, and, in addition thereto, thirty-five per centum ad valorem." This clause clearly covers stockings such as some of those in the present case, composed of wool and cotton, because they were made in part of wool.

The next question is, whether they were "herein otherwise provided for," that is, otherwise provided for in that act of 1867. We have recently held, in the case of *Arthur* v. *Butterfield*, 125 U. S. 70, 76, that the words "not otherwise herein provided for," in an act providing for customs duties, mean, not otherwise provided for in the act of which they are a part. The words in the present case are "not herein otherwise provided for," which are identical in meaning. Section 2 of the

act of 1867 goes on to provide for duties on many manufactured articles made wholly or in part of wool, namely, "women's and children's dress goods and real or imitation Italian cloths, composed wholly or in part of wool;" "clothing ready made, and wearing apparel of every description, and balmoral skirts and skirting, and goods of similar description or used for like purposes, composed wholly or in part of wool;" "webbings, beltings," etc., made of wool, or of which wool is a component material; and carpets of various kinds and carpetings of wool.

The clause of § 2 of the act of 1867, above quoted, which covers "knit goods," expressly excepts "such as are composed in part of wool:" and the clause relating to duties on "wearing apparel of every description . . . composed wholly or in part of wool," made up or manufactured wholly or in part by the manufacturer, expressly excepts "knit goods." It is stated in the bill of exceptions that the stockings in question were made on frames, and that all fabrics made on frames are knit goods.

According to the bill of exceptions, some of the goods in question here were properly assessed by the collector, under the act of 1867, at the rate of 50 cents a pound and 35 per cent ad valorem, less ten per cent, and it was improper to direct a verdict for the plaintiffs as to those goods. After the verdict was rendered, on the 10th of December, 1883, and before judgment, the defendant made a motion for a new trial, the decision on which is reported in 22 Blatchford, 39. The motion was denied, on the ground that the articles in question, as stockings made on frames, were specifically made dutiable by that name in the acts of 1861 and 1862, and had been dutiable eo nomine, by different enactments, since 1842; and that the general language of the act of 1867 did not affect the specific description in the acts of 1861 and 1862. Particular reference was made in the decision to the opinion of this court in Vietor v. Arthur, 104 U. S. 498. The goods in that case were imported after the enactment of the Revised Statutes, on the 22d of June, 1874, and were stockings, some of them wholly of worsted and others of cotton

and worsted, cotton being the material of chief value, and they were intended to be worn by men, women, and children, and were made on frames, and were also knit goods. The collector had exacted upon them a duty at the rate of 90 per cent of 50 cents a pound and 35 per cent ad valorem, as knit goods, under Schedule L of § 2504 of the Revised Statutes. The importer claimed that they were dutiable as stockings made on frames, worn by men, women, or children, under Schedule M of the same section. Judgment having been entered for the defendant, this court reversed it, on the ground that, as between the descriptions in the two schedules in the same section of the Revised Statutes, the goods must be considered as having been provided for under the designation of stockings made on frames, worn by men, women, or children, in Schedule M, and as not being liable to the higher duty prescribed by Schedule L, because, although Schedule L was broad enough to comprehend them, yet, as Schedule M covered them by a specific designation, and they had been dutiable as stockings made on frames, *eo nomine*, since 1842, and by four different enactments, they fell within Schedule M. That decision does not apply to the present case, for here the only question is whether the stockings, so far as they have wool in them, being manufactures made in part of wool, and dutiable as such by the act of 1867, were otherwise provided for in that act. It is clear that they were not.

Inasmuch as the verdict directed covered the stockings which contained wool and cotton, and the judgment is a unit, and the direction of a verdict was wrong as to those goods,

*The judgment is reversed, and the case is remanded to the Circuit Court with a direction to grant a new trial.*