UNITED STATES v. RAISCH.

(District Court, N. D. California. March 9, 1906.)

No. 4,340.

ALIENS—NATURALIZATION—OFFENSES—STATUTES—CONSTRUCTION.

Rev. St. § 5424 [U. S. Comp. St. 1901, p. 3668], provides that every person applying to be admitted as a citizen, or appearing as a witness for any such person who knowingly personates any other person than himself or falsely appears in the name of a deceased person, or in an assumed or fictitious name, or falsely makes, forges, or counterfeits any oath, notice, affidavit, certificate, order, record, etc., shall be punished. *Held*, that such provision should be construed as though it read, "or any person who falsely makes, forges or counterfeits," etc., and as so construed prohibited the felonious making of a certificate of naturalization by a person other than the "person applying to be admitted a citizen or appearing as a witness for any such person."

A. P. Black, Asst. U. S. Atty.

Samuel M. Shortridge and Bert Schlesinger, for defendant.

DE HAVEN, District Judge. The indictment contains eight counts. The defendant demurs thereto, and the general question presented for decision relates to the sufficiency of the indictment under section 5424 of the Revised Statutes [U. S. Comp. St. 1901, p. 3668]. That section reads as follows:

"Every person applying to be admitted a citizen, or appearing as a witness for any such person, who knowingly personates any other person than himself, or falsely appears in the name of a deceased person, or in an assumed or fictitious name, or falsely makes, forges, or counterfeits any oath, notice, affidavit, certificate, order, record, signature, or other instrument, paper, or proceeding required or authorized by any law relating to or providing for the naturalization of aliens; or who utters, sells, disposes of, or uses as true or genuine, or for any unlawful purpose, any false forged, antedated or counterfeit oath, notice, certificate, order, record, signature, instrument, paper, or proceeding above specified; or sells or disposes of to any person other than the person for whom it was originally issued any certificate of citizenship, or certificate showing any person to be admitted a citizen, shall be punished by imprisonment at hard labor not less than one year, nor more than five years, or by a fine of not less than three hundred nor more than one thousand dollars, or by both such fine and imprisonment."

It is only necessary to refer in this opinion to the first and second counts of the indictment. The first count charges that the defendant,

at a time and place stated, willfully and feloniously made a false certificate of naturalization, purporting that one Carl H. Rasmussen was upon the date in such certificate stated, admitted to become a citizen of the United States by the superior court of the city and county of San Francisco, state of California, on October 15, 1904, a court having jurisdiction of naturalization proceedings, the defendant knowing when he made such false certificate that the superior court of the city and county of San Francisco, state of California, had never at any time made any order, judgment, or decree, "admitting or authorizing the admission of the said Carl H. Rasmussen to become a citizen of the United States." In the second count it is charged that the defendant at a certain time and place did willfully and feloniously utter as true, sell, and dispose of to Carl H. Rasmussen the false certificate of naturalization set out in the first count.

1. It will be noticed that it is not charged in either of the counts that at the time of the commission of the alleged offense, the defendant was a person applying to be admitted a citizen, or appearing as a witness for any such person, and the particular question arising upon the demurrer is whether section 5424 of the Revised Statutes makes criminal the acts charged in the indictment, if committed by a person other than one applying to be admitted to citizenship, or appearing as a witness for such applicant. The defendant contends that the section as printed has but one subject, to wit, the words "every person," modified by the phrases "applying to be admitted a citizen" and "appearing as a witness for any such person." Thus construed, the statute does not make it a crime for any person other than one applying to be admitted a citizen, or appearing as a witness for such an applicant, to forge records or papers required or authorized by law in a proceeding for naturalization, or to utter, sell, or use as true and genuine any such false or forged record or paper, or to do any of the other acts named therein. The argument in support of this construction is that such is the literal and plain meaning of its words, in the order of grammatical arrangement in which they stand, and that the court is not authorized, upon any supposed view of the intention of Congress, to construe it as applicable to any other persons than applicants for naturalization and their witnesses. It is undoubtedly true that the court is not authorized to supply a casus omissus in a statute, because in its judgment there was no good reason for the omission. U. S. v. Goldenberg, 168 U. S. 95, 18 Sup. Ct. 3, 42 L. Ed. 394; McKuskie v. Hendrickson, 128 N. Y. 555, 28 N. E. 650. "Even when a court is convinced that the Legislature really meant and intended something not expressed by the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of language which is free from ambiguity." Sutherland on Statutory Construction, p. 314. "When the meaning of a statute is clear, and its provisions are susceptible of but one interpretation, that sense must be accepted as the law. Its consequence, if evil, can only be avoided by a change of the law itself, to be effected by the Legislature and not by judicial construction." Suth. on Stat. Con. p. 315. This may be regarded as a correct statement of the principle by

which courts are to be governed when there is no ambiguity in the statute. When the meaning of the lawgiver has been clearly expressed, there ·is no occasion to resort to interpretation, and Vattel's rule, that "it is not permitted to interpret what has no need of interpretation," then 'applies in its full force. But, while this is so, it is equally. well settled that in the exposition of a statute, in the endeavor to ascertain its scope and effect, every word must, if possible, be given some force; that the general intention of the Legislature is to be gathered from all of its parts and a consideration of its reason and object; that such intention, when thus ascertained, will prevail over its literal terms, and the law is, if possible, to be given such a construction as will' effect the general purpose for which it was enacted. "In the construction of statutes the rules of grammar are less important than the intention of the Legislature, and the sense and spirit of the statute prevails over the strict grammatical construction of its words, 'for the letter killeth, but the spirit maketh alive.'" Singer Manufacturing Co. v. McCollock (C. C.) 24 Fed. 667; Heydenfeldt v. Daney Gold and Silver Mining Co., 93 U. S. 634, 23 L. Ed. 995. See, also, U. S. v. Falkenhainer (C. C.) 21 Fed. 624.

With these fundamental canons of interpretation in mind, the construction of the particular. section under consideration is not difficult; and in order to carry out the evident intent of Congress it should, in my opinion, be so construed as to make the forging of a certificate of naturalization, or the uttering, selling, or disposing of a false or forged certificate of naturalization, a crime, no. matter by whom or when committed. This would seem to be reasonably clear from an analysis of its provisions. It first provides:

"Every person applying to be admitted a· citizen, or appearing as a witness for any such person, who knowingly personates any other person than himself, or falsely appears in the name of a deceased person, or in an assumed or fictitious name * * * shall be punished," etc.

These are acts which can only be done in the face of the court in a proceeding for naturalization, and by the applicant or the witness who appears for him. The sentence is therefore necessarily and properly limited in its application to the actors in such proceeding and to what they may do therein; but the clause, "or falsely makes, forges, or counterfeits any oath, notice, affidavit, certificate, order, record, signature, or other instrument, paper or proceeding required or authorized by any law," for the naturalization of aliens, extends to acts which from their nature may be committed at a time or upon an occasion other than in a proceeding for naturalization, and by other persons as well as by the applicant for naturalization and his witness. The act of forging the papers and records referred to is precisely the same, whether committed by one responsible person or by another, or at one time or another; and, this being so, it is not to be supposed that Congress intended to provide that such forgeries should only be punished as crimes when committed by a person applying for naturalization or his witness. The sense of the statute is made to appear by treating this particular clause as part of a sentence having for its subject the words "any person." This subject is not expressed, and

it may be admitted that under the strict rules of syntax the subject of the preceding sentence, to wit, "Every person applying to be admitted a citizen, or appearing as a witness for such person," would be understood as its subject, still the court is not required to so read it, when to do so would defeat what very clearly appears to be the spirit and object of the statute, viz.. to make it an offense for any person to forge papers or records authorized or required by the naturalization laws. The sentence as written is elliptical, and in order to fully express the legislative intent the words evidently omitted by way of ellipsis may be supplied, and when this is done the sentence will be construed as if it were written, "or any person who forges," etc. Thus read, the succeeding clauses of the section will grammatically refer to the same implied subject, "any person," thereby making it an offense for any person to commit any of the acts therein described. An ellipsis is not a casus omissus, and may be supplied by construction. United States v. Lacher, 134 U. S. 624, 10 Sup. Ct. 625, 33 L. Ed. 1080; U. S. v. Atkinson (D. C.) 34 Fed. 316; Nichols v. Halliday, 27 Wis. 406. And the following rule of Domat is a statement of the same principle:

"If in any law we find the omission of something essential to it, or which is a necessary result of its provisions, and requisite to give the law its full effect. we may supply what is wanting. but not expressed, and extend the law to what it was manifestly intended to embrace, but in its terms does not include." Potter's Dwarris on Stats. and Con. 140, 141.

An illustration of the application of this rule is found in Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476, where, in discussing the question of the right of a national banking association to sue in the courts of the United States, the Supreme Court said:

"The fifty-ninth section of the act of February 25, 1863 [12 Stat. 681. c. 58], provides that all suits by or against such associations may be brought in the proper courts of the United States or of the state. The fifty-seventh section of the act of 1864 [Act June 3, 1864, c. 106, 13 Stat. 116] relates to the same subject, and revises and enlarges the provisions of the fifty-ninth section of the preceding act. In the latter, the word 'by' in respect to such suits is dropped. The omission was doubtless accidental. It is not to be supposed that Congress intended to exclude the association from suing in the courts where they can be sued. The difference in the language in the two sections is not such as to warrant the conclusion that it was intended to change the rule prescribed by the act of 1864. Such suits may still be brought by the association in the courts of the United States. If this be not the proper construction, while there is provision for suits against the association. there is none for suits by them, in any court."

Section 5424 of the Revised Statutes is a revision in part of section 2 of the act of July 14, 1870 (16 Stat. 254, c. 254). In the original act it was in express terms made a crime for any person to forge, or utter a forged certificate, order, or record, authorized by any law relating to naturalization. The words "any person," which in the original act formed the subject of the clause in relation to forging, etc., have been omitted in the revision; but I do not think this was intended to effect any change in the law as declared in the original statute. It is more reasonable to presume that the omission of these words was the result of accident, or, rather, inattention to the strict

rules of grammar, than to impute to Congress an intention to change the law, so as to exempt from its provisions all persons except applicants for naturalization or their witnesses, when the acts which it is the design of the statute to punish as crimes, would be precisely the same if committed by others.

While it is true that, when the meaning of any section or sections of the Revised Statutes is plain, "the courts cannot look to the statutes which have been revised, to see if Congress erred in that revision" (U. S. v. Bowen, 100 U. S. 513, 25 L. Ed. 631; Victor v. Arthur, 104 U. S. 498, 26 L. Ed. 633), it may also be accepted as a sound rule that:

"In the construction of the Revised Statutes of the United States the presumption is against an intention to change the meaning and construction of a statute re-enacted therein. The Revised Statutes purport to be, in general, a re-enactment of existing statutes. Section 5595 [U. S. Comp. St. 1901, p. 3750]. And therefore no change of meaning will be imputed to the change of phraseology, unless the language used in the revision indicates an intended departure from the meaning of the re-enacted statute." U. S. v. Tilden, 10 Ben. 170, Fed. Cas. No. 16,520; Schmidt v. U. S., 133 Fed. 257, 66 C. C. A. 389.

These considerations and the authorities above cited lead me to the conclusion that the acts charged in the indictment are made punishable as crimes by section 5424 of the Revised Statutes, and the demurrer must therefore be overruled.