### LADERBURG v. MILLER.

(Circuit Court of Appeals, Fourth Circuit. December 12, 1913.)

No. 1185.

1. CONSTITUTIONAL LAW (§ 12*)—RULES OF CONSTRUCTION.

A construction of a constitutional or statutory provision which would make it self-destructive or of no practical value will be rejected, when there is a reasonable construction which would result in carrying out its manifest purpose.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 9: Dec. Dig. § 12.*]

2. BANKRUPTCY (§ 396*)—HOMESTEAD EXEMPTION IN PERSONAL PROPERTY—CONSTITUTIONAL PROVISION—"SHIFTING STOCK OF MERCHANDISE."

Under Const. Va. 1902, §§ 190, 191, which give a debtor the right to a homestead exemption in personal property to the value of $2,000, but provide that it shall not be claimed in a "shifting stock of merchandise," which means a stock of merchandise subject to change from time to time. in the course of trade by purchases, sales, or other transactions, a bankrupt cannot hold as exempt goods which he removed from the shelves in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his store and boxed up in contemplation of bankruptcy, and for the express purpose of making such claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668; Dec. Dig. § 396.*]

Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Judge.

In the matter of William Laderburg, bankrupt. Petition by bankrupt to revise an order denying his claim to exemption, on objection of F. C. Miller, trustee. Affirmed.

S. M. Brandt, of Norfolk, Va., for petitioner.

Edward R. Baird, Jr., of Norfolk, Va. (Baird, Swink & Moreland, of Norfolk, Va., on the brief), for respondent.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

WOODS, Circuit Judge. William Laderburg, a merchant conducting a general retail store in Portsmouth, Va., was adjudged a bankrupt on the 10th day of June, 1913. Two days before the adjudication, in contemplation of bankruptcy, he separated from his stock numerous articles of merchandise valued at $867.90, and placed them together with his store fixtures, valued at $145, and his household goods, valued at $113.25, in boxes numbered from 1 to 18. The purpose of thus separating and boxing the goods was to enable the bankrupt to set up the claim that they had ceased to be a part of a shifting stock of merchandise, and could be claimed as exempt from his debts under the Constitution and statutes of Virginia which provide for a homestead exemption, but do not allow it to be claimed in a "shifting stock of merchandise." Having taken this preliminary step, the bankrupt after the adjudication filed his petition with the referee, asking that the property, including the goods in the boxes, be set apart as his homestead exemption. Attached to the petition was a paper called a homestead deed, in which the property was scheduled, and in which the petitioner declared that he claimed, selected, and set apart the property so scheduled as his homestead. The referee refused to allow the claim as to the merchandise taken from the stock of goods, and his action was confirmed by the District Court. The bankrupt then filed his petition, asking this court, in the exercise of its power of superintendence, and revision, to reverse the judgment and adjudge that he was entitled to the exemption claimed. There was a motion to dismiss the petition, a demurrer and an answer, but questions of pleading were not pressed at the hearing, and we go at once to a decision on the merits.

The Virginia Constitution of 1902, § 190, provides:

"Every householder or head of a family shall be entitled, in addition to the articles now exempt from levy or distress for rent, to hold exempt from levy, seizure, garnishment, or sale under any execution, order, or other process issued on any demand for a debt hereafter contracted, his real and personal property, or either, including money and debts due him, to the value of not exceeding two thousand dollars, to be selected by him. * * *"

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The limitation of this right of homestead which is here involved is set out in section 191:

"The said exemption shall not be claimed or held in a shifting stock of merchandise, or in any property, the conveyance of which by the homestead claimant has been set aside on the ground of fraud or want of consideration."

These provisions must be read in the light of the constitutional injunction that they shall be liberally construed. The Virginia Code, § 3639, thus indicates the method of setting apart a homestead in personal property:

"Such personal estate shall be selected by the householder and set apart in a writing signed by him. He shall, in the writing, designate and describe with reasonable certainty, the estate so selected and set apart and each parcel or article, affixing to each his cash valuation thereof; and the said writing shall be admitted to record, to be recorded as deeds are recorded, in the county or corporation wherein such householder resides."

The meaning of the term "shifting stock of merchandise" is too obvious for difference of opinion. It means a stock of merchandise subject to change from time to time in the course of trade, by purchases, sales, or other transactions. The bankrupt's stock of merchandise was admittedly shifting as long as he kept his store open for trade. Counsel for petitioner earnestly contends, however, that when the debtor took the goods off sale and boxed them, they ceased to be a part of a shifting stock, and became fixed property which the debtor could select as his homestead. It is true that the same articles may be at one time part of a shifting stock and afterwards cease to be so. This change occurs as soon as the articles are purchased by a customer in the usual course of trade, and even when they are taken by the debtor to his home in good faith for customary and reasonable domestic purposes. By changes like these constantly taking place in the ordinary course of business, goods falling without the homestead exemption today may fall within it to-morrow. Not only is this the reasonable construction of the Constitution, but any other would lead to results clearly absurd. But the plain limit to the rule that goods may change from being a part of a shifting stock not subject to exemption into property falling within the exemption is that the change must take place in good faith in the ordinary course of affairs, and not in pursuance of a design to defeat the constitutional provision. The Constitution safeguards and fixes the limits of the rights of the creditor as well as those of the debtor, and the debtor is as powerless to defeat the rights of the creditor to subject to his debts property not exempt as the creditor is to defeat the rights of the debtor to his homestead exemption in other property.

[1] It follows that the debtor cannot, by his act of closing his store or separating a part of his shifting stock of merchandise with the view of defeating the rights of the creditor, have a homestead in such property. To hold that the Constitution contemplates that such a result could be secured by such a method would be to make of no effect the constitutional provision that a shifting stock of goods shall not be exempt. The principle is elementary that a construction which would result in making a legislative enactment self-destructive or of no practical value will be rejected when there is a reasonable construction which

would result in carrying out the manifest design of the statute; and, in applying this rule, that which is necessarily implied, as well as that which is expressed, must be regarded a part of the enactment. United States v. Tappan, 24 U. S. (11 Wheat.) 419, 6 L. Ed. 509; Lau Ow Bew v. United States, 144 U. S. 47, 12 Sup. Ct. 517, 36 L. Ed. 340; Beley v. Naphtaly, 169 U. S. 353, 18 Sup. Ct. 354, 42 L. Ed. 775; Low Wah Suey v. Backus, 225 U. S. 461, 32 Sup. Ct. 734, 56 L. Ed. 1165; Singer Mfg. Co. v. McCollock (C. C.) 24 Fed. 667; Norfolk Traction Co. v. Ellington, 108 Va. 245, 61 S. E. 779, 17 L. R. A. (N. S.) 117; Potter's Dwarris on Statutes, 145. Under this rule the Constitution of Virginia cannot be construed to contemplate the annulment of one of its own provisions by allowing a failing debtor to transmute a shifting stock of merchandise not exempt into exempt property by withdrawing it from sale for the purpose of claiming it as an exemption.

[2] But even if we lay aside these general principles of construction and look at the strict verbal significance of the language of the Constitution and the statute, the same result is reached. The petitioner was involved in debt, and set about claiming and selecting property he wished to have exempt from process under the authority of the law. This taking of the goods from the stock and boxing them was a part of the assertion of his claim of exemption and selection. When he thus asserted the claim and undertook to make the selection, the property here involved was a part of a shifting stock of merchandise, and under the Constitution was not property out of which the homestead could be claimed. The claim and selection was for this reason without authority of law, and the property therefore came into the hands of the trustee in bankruptcy free from any homestead claim.

For these reasons the judgment of the District Court is affirmed.