ARTHUR *v.* RHEIMS.

1. The rule that an article, dutiable by its specific designation, will not be affected by the general words of the same or another statute, which would otherwise embrace it, applies as well to statutes reducing duties as to those increasing them.

2. As the twelfth section of the act of June 30, 1864 (13 Stat. 213), imposes a duty of fifty per cent *ad valorem* upon artificial flowers *eo nomine,* they are not subject to the deduction of ten per cent allowed by the second section of the act of June 6, 1872 (17 id. 231), " on all manufactures of cotton of which cotton is the component part of chief value."

ERROR to the Circuit Court of the United States for the Southern District of New York.

In 1874, Rheims, the plaintiff below, imported into the port of New York a quantity of artificial flowers, composed of iron, paper, wire, and cotton, and on which Arthur, the collector, imposed, under the twelfth section of the act of June 30, 1864 (13 Stat. 213), a duty of fifty per cent *ad valorem.*

Rheims claimed that, under the second section of the act of June 6, 1872 (17 Stat. 231), the merchandise was liable only to ninety per cent of the duty imposed by the act of June 30, 1864; but having, under protest, paid the duty imposed by the collector, brought this suit to recover the excess.

Under the instructions of the court below, the jury found that the importer was entitled to the deduction.  From the judgment rendered upon the verdict, this writ of error is brought.

*Mr. Assistant-Attorney-General Smith* for the plaintiff in error.
*Mr. Stephen G. Clarke, contra.*

MR. JUSTICE HUNT delivered the opinion of the court.

The question for decision in this case is, whether the defend-

ant in error is entitled to the deduction of ten per cent allowed by the act of June 6, 1872.

Under the act of 1864, the duty of fifty per cent was imposed on "artificial and ornamental feathers and flowers, or parts thereof, of whatever material composed, not otherwise provided for, beads and bead ornaments." 13 Stat. 213. As no other provision was made, the goods were presumably subject to this duty.

The act of June 6, 1872 (17 id. 231), provides, in its second section, as follows : —

"That on and after the 1st of August, 1872, in lieu of the duties imposed by law on the articles in this section enumerated, there shall be levied, collected, and paid on the goods, wares, and merchandise in this section enumerated and provided for, imported from foreign countries, ninety per cent of the several duties and rates of duties now imposed by law on said articles severally, it being the intent of this section to reduce existing duties on such articles ten per cent of such duties; that is to say, on all manufactures of cotton of which cotton is the component part of chief value; . . . on all iron and steel, and all manufactures of iron and steel of which such metals, or either of them, shall be the component part of chief value, excepting cotton machinery."

Many other articles are named.

The general words of the act of 1872, no doubt, are sufficiently comprehensive to embrace the case before us. Artificial flowers are a manufacture of which cotton is the chief component, and, were that all, would be entitled to the deduction asked for.

But it is true, also, that they are dutiable under the law of 1864, not as a manufacture of cotton, but specifically, *eo nomine,* as artificial flowers. It has been held in many cases, — as that of "almonds and dried fruits," the "canary birds," and at the present term, in the case of "thread laces" and of "chocolate," —that, when an article is intended to be made dutiable by its specific designation, it will not be affected by the general words of the same or another statute, which would otherwise embrace it.

This rule applies both to statutes reducing and to statutes increasing duties. Giving it such application here, we must hold that "artificial flowers" are not entitled to be classed as

a manufacture of cotton which is entitled to the reduction provided for by act of 1872.

The ruling in this respect was erroneous, and the judgment must be reversed; and it is

*So ordered*