## SWAN *v.* ARTHUR.

## FLEITMAN *v.* ARTHUR.

## FLEGENHEIM *v.* ARTHUR.

Laces, cigar ribbons, galloons, and braids made substantially of silk, although cotton forms a part thereof, were subject to a duty of sixty per cent *ad valorem,* under sect. 8 of the act of June 30, 1864, c. 171. 13 Stat. 181.

ERROR to the Circuit Court of the United States for the Southern District of New York.

The facts are stated in the opinion of the court.

*Mr. Stephen G. Clarke* for the plaintiffs in error.

*Mr. Assistant Attorney-General Smith, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Sect. 8 of the tariff act of June 30, 1864, c. 171 (13 Stat. 210), provides for the levy and collection of duties on imports, as follows: —

" On all dress and piece silks, ribbons, and silk velvets, or velvets of which silk is the component material of chief value, sixty per centum *ad valorem.* On silk vestings, pongees, shawls, scarfs, mantillas, pelerines, handkerchiefs, veils, laces, shirts, drawers, bonnets, hats, caps, turbans, chemisettes, hose, mitts, aprons, stockings, gloves, suspenders, watch chains, webbing, braids, fringes, galloons, tassels, cords, and trimmings, sixty per centum *ad valorem.*

" On all manufactures of silk, or of which silk is the component material of chief value, not otherwise provided for, fifty per centum *ad valorem.*"

In one of the cases the importation was of laces, in another cigar ribbons, and in the other galloons and braids. The articles in each case were made of silk and cotton, but the silk preponderated so largely that they were substantially silk. The collector charged them with duties at the rate of sixty per cent *ad valorem,* as silk laces, ribbons, galloons, and braids, while the importers claimed they were dutiable at fifty per cent only, as manufactures of which silk was the component material of chief value, not otherwise provided for. These

suits were brought to recover back what had been paid in excess of fifty per cent.   In the cases for the laces, galloons, and braids the evidence was positive and uncontradicted to the effect that they were substantially made of silk, and there was no claim that they were commercially known otherwise than as silk goods.   Upon these facts the court directed a verdict in favor of the defendant.   In the case for the ribbons, the jury was instructed that if the goods were made substantially of silk, and were not commercially regarded as different from silk ribbons, a verdict must also be returned for the defendant.   In the last case there was some evidence which, it was claimed, showed that the particular kind of ribbon imported had, by usage, been taken out of the commercial designation of silk ribbons.   These writs of error have been brought to reverse the judgments which followed from these rulings.

We think the court below was right in the view it took of the law.   While tariff acts are generally to be construed according to the commercial understanding of the terms employed, language will be presumed to have the same meaning in commerce that it has in ordinary use, unless the contrary is shown. Outside of commerce there can hardly be a doubt that laces, ribbons, galloons, and braids made substantially of silk would be denominated silk goods.   Until, therefore, it was shown that they were regarded differently by dealers, it was right to class them as dutiable at sixty per cent.   The burden of bringing them under the reduced rate was thrown on the importer.   So far as the laces, galloons, and braids are concerned, there was no attempt to do so, and in respect to the ribbons the attempt that was made failed before the jury.   We cannot believe that what are bought and sold in the market as dress or piece silks are not in commercial designation silks because they are to some extent adulterated with a cheaper fibre, if the silk so far predominates over the inferior material that it can be said they are made substantially of silk.   If that is true of piece silks it certainly must be of laces, ribbons, galloons, and braids.   So, in general, it may be said, as we think, that all goods made substantially of silk will be treated as silk commercially, unless it directly appears that commerce has given another name to the admixture.

*Judgments affirmed.*