137 U.S. 95 (1890)
SEEBERGER
v.
CAHN.
No. 47.
Supreme Court of United States.
Argued November 3, 1890.
Decided November 17, 1890.
ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.
*96 Mr. Assistant Attorney General Maury for plaintiff in error.
Mr. Edwin B. Smith, (with whom was Mr. Charles Curie on the brief) for defendants in error.
MR. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.
The act of March 3, 1883, c. 121, under "Schedule K, Wool and Woollens," (22 Stat. 508, 509,) imposes duties as follows:
"Woollen cloths, woollen shawls, and all manufactures of wool of every description, made wholly or in part of wool, not specially enumerated or provided for in this act, valued at not exceeding eighty cents per pound, thirty-five cents per pound and thirty-five per centum ad valorem; valued at above eighty cents per pound, thirty-five cents per pound, and in addition thereto forty per centum ad valorem.
"Flannels, blankets, hats of wool, knit goods, and all goods made on knitting-frames, balmorals, woollen and worsted yarns, and all manufactures of every description, composed wholly or in part of worsted, the hair of the alpaca, goat or other animals (except such as are composed in part of wool), not specially *97 enumerated or provided for in this act, valued at not exceeding thirty cents per pound, ten cents per pound; valued at above thirty cents per pound, and not exceeding forty cents per pound, twelve cents per pound; valued at above forty cents per pound, and not exceeding sixty cents per pound, eighteen cents per pound; valued at above sixty cents per pound, and not exceeding eighty cents per pound, twenty-four cents per pound; and in addition thereto, upon all the above-named articles, thirty-five per centum ad valorem; valued at above eighty cents per pound, thirty-five cents per pound, and in addition thereto forty per centum ad valorem."
In the interpretation of the customs acts, nothing is better settled than that words are to receive their commercial meaning; and that when goods of a particular kind, which would otherwise be comprehended in a class, are subjected to a distinct rate of duty from that imposed upon the class generally, they are taken out of that class for the purpose of the assessment of duties.
Of the two successive paragraphs in the customs act of 1883, upon which the parties respectively rely, the first imposes a certain scale of duties on "all manufactures of wool of every description, made wholly or in part of wool, not specially enumerated or provided for in this act;" and the second imposes a lower scale of duties on "all manufactures of every description, composed wholly or in part of worsted." It is hardly necessary to observe that the subsequent words enclosed in a parenthesis "(except such as are composed in part of wool)" evidently qualify only the intervening clause "the hair of the alpaca, goat or other animals," and have no bearing upon this case.
Though worsted is doubtless a product of wool, and might in some aspects be considered a manufacture of wool, yet manufactures of worsted being subjected by the second paragraph to different duties from those imposed by the first paragraph on manufactures of wool, it necessarily follows that a manufacture of worsted cannot be considered as a manufacture of wool, within the meaning of this statute.
That shoddy, though a product, and in some sense a manufacture, *98 of wool, is not to be considered as itself wool, or a manufacture of wool, within the meaning of the statute, is clearly shown by the paragraph next preceding the two above quoted, which makes the duty on "woollen rags, shoddy, mungo, waste and flocks, ten cents per pound." Lennig v. Maxwell, 3 Blatchford, 125.
It being distinctly found, as matter of fact, that the goods in question are called or known in the trade as "worsteds," and are composed mainly of worsted, but mixed with a small proportion of shoddy and of cotton, the Circuit Court rightly held that they were subject to duty as manufactures of worsted, and not as manufactures of wool.
The cases of Elliott v. Swartwout, 10 Pet. 137, and Riggs v. Frick, Taney, 100, are directly in point; and our conclusion is supported by many decisions of this court in analogous cases. Homer v. The Collector, 1 Wall. 486; Reiche v. Smythe, 13 Wall. 162; Movius v. Arthur, 95 U.S. 144; Arthur v. Morrison, 96 U.S. 108; Arthur v. Lahey, 96 U.S. 112; Arthur v. Stephani, 96 U.S. 125; Arthur v. Davies, 96 U.S. 135; Arthur v. Rheims, 96 U.S. 143; Swan v. Arthur, 103 U.S. 597; Vietor v. Arthur, 104 U.S. 498; Robertson v. Glendenning, 132 U.S. 158. Judgment affirmed.