## UNITED STATES v. GUNTHER.[1]

### (Circuit Court of Appeals, Seventh Circuit.  January 6, 1896.)

### No. 253.

1. CUSTOMS DUTIES—PAINTINGS—ANTIQUITIES.
   A painting produced before the year 1700 is dutiable under Act Oct. 1, 1890, par. 465, imposing 15 per cent. ad valorem on paintings in oil or water colors, and is not exempt from duty, as a part of a collection of antiquities, under paragraph 524 of the free list.

2. SAME—PICTURE FRAMES.
   An antique carved wood picture frame, imported in connection with a single painting, is subject to duty under Act Oct. 1, 1890, par. 230, as a manufacture of wood, and is not exempt as a part of a collection of antiquities.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

The circuit court entered of record May 23, 1895, the following findings of fact and statement of the law of the case: "In this case Charles F. Gunther imported at Chicago, July 24, 1891, and entered for consumption, an oil painting portrait of Christopher Columbus, and a wooden frame, upon which the collector of customs at Chicago assessed duty as follows: On the oil painting at the rate of 15% ad valorem, under paragraph 465 of the tariff act of 1890, and upon the frame at the rate of 35% ad valorem, under paragraph 230 of the same act. The importer paid the duty as assessed, and protested according to law, claiming that the goods were free of duty, under paragraph 524 of the free list (Act Oct. 1, 1890), as a collection of antiquities. The protestant claims, among other things, that the painting in question is the product of a period prior to the year 1700, and this contention is not disputed by the government. He also claims that the frame is an antique masterpiece of wood carving, and shows the skill with which such work was performed in the fifteenth and sixteenth centuries. It is claimed the frame embodies one of the most remarkable and exquisite specimens of wood carving known in ancient or modern times; that it is allegorical of the life of Columbus, showing the drums, cannon, Indian arrows, and armor of that period, and is capped with a Columbus coat of arms; that it is carved in wood, and has a distinctive value by reason of its antiquity. There is no testimony in the record, as returned by the general appraisers, to the effect that the claims of the protest upon the point of antiquity of the painting and the frame" (is not true), "but the claim of the protest is supported by the affidavits of W. M. R. French and Arthur Dawson, who certify, as experts, that in their opinion both the painting and the frame are products of the period prior to the year 1700. If this were the only question in the case, there could be no doubt as to allowing the claim of the importer to free entry. The paragraph of the free list referred to is as follows: '524. Cabinets of old coins and medals and other collections of antiquities, but the term "antiquities" as used in this act shall include only such articles as are suitable for souvenirs or cabinet collections, and which shall have been produced at any period prior to the year 1700.' The questions raised by counsel for the government are whether the painting and the frame in this case constitute a 'collection of antiquities,' and whether these articles are, within the meaning of the law, such as are described in paragraph 524. It is an acknowledged fact in this case that the importer is, and has been for many years, a collector of antique articles; that heretofore antique articles imported by him for his collection have been admitted to free entry, and that he has one of the largest and most valuable collections of antiquities in the United States; and that the articles here in question were imported as additions to his already large collection. These questions seem to be disposed

---

[1] Rehearing pending.

of by the decision of the circuit court of appeals for the Second circuit in Re Glaenzer and in Re Stern, 5 C. C. A. 225, 55 Fed. 642, and by the decision in the case of Marine v. Robson, 47 Fed. 34, in the first of which it was decided that a sample vase of a collection was entitled to free entry, and, in the second, that four tapestries constitute a collection entitled to free entry. In the last case a single painting was declared to be entitled to free entry under paragraph 524, it being established that it was intended to be added to an already existing collection. The court therefore finds that the painting and the frame in this case are entitled to free entry under the provisions of paragraph 524, Act Oct. 1, 1890, as claimed by the importer, and the collector is ordered to reliquidate the entry in this case in accordance with this finding."

John C. Black, U. S. Dist. Atty.
Percy L. Shuman, for appellee.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge (after stating the facts). The ruling of the circuit court in Marine v. Robson, 47 Fed. 34, that a single article, when imported for the purpose of being added to a collection of antiquities, is exempt from duty, is inconsistent with the decision of the circuit court of appeals in Marquand's Case, decided in connection with In re Glaenzer and In re Stern, supra (U. S. v. Glaenzer, 5 C. C. A. 225, 55 Fed. 642, 14 U. S. App. 331). The latter decision is the more authoritative, and, in our opinion, the better considered. In Stern's Case, in the circuit court, Judge Wallace declared his opinion that a "collection" means something more than two articles, and accordingly held to be subject to duty two tapestries, which, though purchased with two other tapestries, had been designedly separated from them and shipped in a different vessel, which came to port one day earlier than the vessel in which were the other two. In reversing this decision the circuit court of appeals, expressing no direct opinion whether under the statute two articles may constitute a collection, simply said, "Under the uncontroverted finding of the board of general appraisers, and under the testimony of Mr. Stern, we cannot say that these four tapestries, useless for anything but as a collection of antiquities, did not constitute a collection." Revenue laws being subject to strict construction, it may be that under this statute no more than two articles are necessary to constitute a collection; but we need not decide the point, since, in our judgment, this case is controlled by another consideration. It is an established rule, declared and illustrated in many cases, that an article made dutiable by its specific designation will not be affected by general words of the same or another statute which otherwise would embrace it. Arthur v. Rheims, 96 U. S. 143; Robertson v. Glendenning, 132 U. S. 158, 10 Sup. Ct. 44; Vietor v. Arthur, 104 U. S. 498; Homer v. Brown, 1 Wall. 486; Reiche v. Smythe, 13 Wall. 162. Paragraph 465 of the act of October 1, 1890, is specific in respect to paintings, and, by the rule stated, excludes them from the general word "antiquities" in paragraph 524, even if the phrase, "and other collections of antiquities," as it there follows "cabinets of old coins and medals," could be deemed, under the maxim "noscitur a sociis," to include paintings. "Paintings in oil or water colors, and statuary, not otherwise pro-

vided for in this act, fifteen per centum ad valorem," is the provision. If, instead of making collections of antiquities free, paragraph 524 had imposed upon them a higher duty than 15 per centum, it would be unquestioned that paintings, however old, would be subject only to the duty imposed upon them by name. The rule must apply alike whether the effect be to subject an article to duty, or to exempt it. It cannot well be said of paintings produced before the year 1700, rather than of later productions, that they "are suitable for souvenirs or cabinet collections"; and if it was the intention to exempt paintings of any class or description from duty, presumably, the conditions of exemption would have been declared in the clause in which paintings are mentioned, or, if elsewhere, then not by implication, but by specific and unmistakable expression. For instance, in paragraph 677 "paintings, drawings, and etchings, specially imported in good faith for the use of any society or institution incorporated or established for religious, philosophical, educational, scientific, or literary purposes, or for encouragement of the fine arts, and not intended for sale," are made free. The act provides no specific tax on picture frames, and it may well be that the one in question, which was subjected to duty under paragraph 230, which embraces "house or cabinet furniture of wood, wholly or partly finished, manufactures of wood &c.," could be called properly an antiquity; but, as it was not imported as a part of a collection of antiquities,—the painting being excluded from that category,—it was subject to the duty charged and collected. The judgment of the circuit court is therefore reversed.