### UNITED STATES v. FIELD et al.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1896.)

#### No. 254.

CUSTOMS DUTIES—TOURNAY CARPETS.

Tournay velvet carpets being specifically made subject, by the act of 1894, par. 288, to a certain duty, they cannot be treated as "manufactures of wool," within the meaning of paragraph 297, which provided that the rates of duties fixed by the act for manufactures of wool should take effect January 1, 1895.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

John C. Black, U. S. Dist. Atty., for appellant.

N. W. Bliss, for appellees.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. Schedule K of the tariff act of 1894, entitled "Wool and Manufactures of Wool," embraces paragraphs numbered from 279 to 297, inclusive, the last reading in this wise: "The reduction of the rates of duty herein provided for manufactures of wool shall take effect January first, eighteen hundred and ninety-five." Provision is made in the different paragraphs for duties upon various articles "made wholly or in part of wool, worsted, the hair of the camel, goat, alpaca, or other animals," and, by paragraph 283, "on all manufactures, composed wholly or in part of wool, worsted, the hair of the camel, goat, alpaca or other animals * * * not specially provided for in this act." Carpets of various descriptions are specially provided for. "Saxony, Wilton

v.71F.no.4—33

and Tournay velvet carpets" are made subject, by paragraph 288, to a duty of 45 per centum ad valorem. The duty imposed upon this description of carpets by the act of 1890, par. 400, was "sixty cents per square yard, and in addition thereto forty per centum ad valorem." On October 9, 1894, the appellees, Marshall Field and others, composing the firm of Marshall Field & Co., imported a quantity of Tournay velvet carpets, upon which the collector demanded the duty prescribed by the act of 1890. It was paid under protest, the importers claiming that the goods were dutiable only under paragraph 288 of the later act. This view the court below upheld, overruling the decision of the general appraisers, and we think the judgment should be affirmed. The component of chief value in Tournay velvet carpets is worsted, the remainder, amounting to about 10 per centum, being linen or jute; and worsted, it is conceded, is composed of a long fiber combed from the wool of sheep. This, it is insisted, makes it a species of wool. But the testimony shows that it is not so regarded in commerce, and it is evident that it has not been so treated by congress in its various enactments on the subject. In Elliott v. Swartwout, 10 Pet. 137, 151, where it was admitted "that worsted was made out of wool by combing, but that it becomes thereby a distinct article, well known in commerce under the denomination of 'worsted,'" the court said: "It being admitted in this case that 'worsted' is a distinct article, well known in commerce under that denomination, we must understand congress as using the term in that commercial sense, and as contradistinguished from 'wool' and 'woolen goods,' and other well-known denominations of goods;" and much more must the distinction be recognized in later enactments which presumably were framed with reference to that decision. It follows that the words "manufactures of wool," as used in paragraph 297 of the act of 1894, does not apply to Tournay velvet carpets, mentioned in paragraph 288, which are made of worsted, as distinguished from wool. It is, moreover, a well-settled rule, as declared in Arthur v. Rheims, 96 U. S. 143, "that, when an article is intended to be made dutiable by its specific definition, it will not be affected by the general words of the same or another statute which would otherwise embrace it." This rule is recognized in half a dozen cases in the volume just cited. See, also, Worthington v. Abbott, 124 U. S. 434, 8 Sup. Ct. 562; Robertson v. Salomon, 130 U. S. 412, 9 Sup. Ct. 559; Seeberger v. Cahn, 137 U. S. 95, 11 Sup. Ct. 28, and cases cited. If, therefore, it were conceded that the carpets in question "might in some respects be considered a manufacture of wool," yet, being subjected by this act to a particular duty, they cannot be so regarded here; and it must be considered that the duty placed upon them took effect upon the passage of the act, unaffected by paragraph 297, which applied only to manufactures of wool eo nomine.

The question whether paragraph 400 of the act of 1890 was repealed, and at once became inoperative, upon the passage of the act of 1894, need not be considered. The judgment below is affirmed.