UNITED STATES v. WINTER & SMILLIE.

(Circuit Court of Appeals, Second Circuit. December 7, 1904.)

No. 595 (2851).

CUSTOMS DUTIES—CLASSIFICATION—BUFFALO HIDES—CATTLE.

The hide of the mud buffalo of the Straits Settlements, an animal killed in the chase, is not within the provision for "hides of cattle" in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 437, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1676], but is free of duty under section 2, Free List, par. 664, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1688], covering "hides not specially provided for."

Appeal from the Circuit Court of the United States for the Southern District of New York.

The decision in question reversed a decision of the Board of General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Winter & Smillie. This merchandise consisted of buffalo hides, which were classified under the provision for "hides of cattle," in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 437, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1676], and which the importers contended were free of duty under section 2, Free List, par. 664, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1688], as "hides not specially provided for." The ground of this contention was that the particular kind of buffaloes from which the hides were taken are not "cattle," within the meaning of said paragraph 437, and that therefore the hides fall within the provisions of paragraph 664.

The evidence in the case was to the effect that the hides in question were taken from the mud buffalo of the Straits Settlements, an animal that is killed in the chase.

Compare Rossbach v. U. S., 122 Fed. 1020, 57 C. C. A. 678, affirming (C. C.) 116 Fed. 781.

D. Frank Lloyd, Asst. U. S. Atty.
Frederick W. Brooks, for importers.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

At the conclusion of the argument the decision of the Circuit Court was affirmed in open court, without opinion; the merchandise being held to be free of duty as contended by the appellees.