UNITED STATES v. SCHMOLL.

(Circuit Court, S. D. New York. February 4, 1907.)

No. 4,187.

CUSTOMS DUTIES—CLASSIFICATION—HIDES OF CATTLE—BUFFALO HIDES—"CATTLE."

The term "hides of cattle," in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 437, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], is not used in a commercial sense, but according to the ordinary dictionary meaning of the words, and refers to the hides of domesticated animals of the bovine species, including those of the East India buffalo.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,268 (T. D. 27,021), sustaining protests of Armand Schmoll against the assessment of duty by the collector of customs at the port of New York.

D. Frank Lloyd, Asst. U. S. Atty.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importer.

HAZEL, District Judge. This controversy arises from the laying of duty by the collector at the rate of 15 per cent. ad valorem under the provisions of paragraph 437 of the tariff act of July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], on hides of buffalos imported from East India. Said provision reads:

"Hides of cattle, raw or uncured, whether dry, salted, or pickled, fifteen per centum ad valorem: Provided, that upon all leather exported, made from imported hides, there shall be allowed a drawback equal to the amount of duty paid on such hides, to be paid under such regulations as the Secretary of the Treasury may prescribe."

The importer protested, claiming that the hides are entitled to free entry under the provisions of paragraph 664 for "hides not especially provided for in this act." The board sustained the protest, and held that the goods were entitled to free entry as contended by the importer.

The hides in question are conceded to have been taken from domestic animals of the bovine species. The testimony of Dr. Hornaday and other witnesses for the government, showing that in India the buffalo is used practically for all purposes that cows, steers, and oxen are used in the United States, is not disputed. The witness Conklin, for the United States, testified that the buffalo is a ruminant belonging to the cattle or to the bovine species. In the case of Rossbach v. United States (C. C.) 116 Fed. 781, affirmed on appeal, 122 Fed. 1020, 57 C. C. A. 678, hides of the East India buffalo, a domestic animal of the bovine species, were held to be cattle hides. Subsequently the Circuit Court of Appeals in the case of United States v. Winter & Smillie, 134 Fed. 841, 67 C. C. A. 437, held that hides of the mud buffalo of the Straits Settlements, an animal killed in the chase, were not included in the term "hides of cattle." The case at bar would seem to be closely analogous to the Rossbach Case.

The word "cattle" is defined by the Standard Dictionary as "domesticated bovine animals, as oxen, cows, bulls, and calves," etc., and by the Century Dictionary as "(2) live stock; domestic quadrupeds which serve for tillage and other labor or as food for man." Evidence was given by the importer to show that the term "hides of cattle," as used in the trade of this country prior to the enactment of the tariff law, did not include buffalo hides, and that buffalo hides were specially distinguished from cattle hides; but the existence of a commercial designation of the term "hides of cattle" or "cattle hides," as used interchangeably, which uniformly and definitely excluded buffalo hides therefrom, is not thought to have been satisfactorily established. It may be conceded that in popular speech the term "cattle" is used in the United States in a restricted sense, and that it more specially is applied to the group of so-called straightback cattle (cows, oxen, steers,

and bulls) as distinguished from the hump cattle of India and Africa. See definition of Webster. Where, however, no commercial term or meaning is established, the ordinary dictionary definition of the words, used in the tariff act must govern. Milne v. United States (C. C.) 115 Fed. 410; United States v. Nordlinger, 121 Fed. 690, 58 C. C. A. 438; Swan v. Arthur, 103 U. S. 597, 26 L. Ed. 525; O. G. Hempstead & Son v. Thomas, 122 Fed. 538, 59 C. C. A. 342. Congress evidently for the purpose of levying a tariff duty had in mind the broad definition of the word "cattle," which concededly includes the domesticated buffalo. The term "hides of cattle" was not used in its narrow sense, but rather to describe the species; i. e., domestic animals of the cattle family such as are concededly useful for the purposes which prompted the levying of a duty upon hides. The proofs show that the East India buffalo hides are useful in the manufacture of leather, and the intent of Congress plainly was the protection of the cattle industries. If the existence of a commercial designation of the term "hides of cattle" prior to the enactment of the tariff laws had been established, a different conclusion would be warranted (Arthur v. Morrison, 96 U. S. 108, 24 L. Ed. 764); but without persuasive proof of a commercial designation the evident intent of Congress must prevail.

The classification of the collector was correct, and the decision of the board must be reversed.