UNITED STATES v. WADLEIGH.

SAME v. WINTER & SMILLIE.

(Circuit Court, S. D. New York.  May 21, 1909.)

Nos. 5,345, 5,346.

CUSTOMS DUTIES (§ 37*)—CLASSIFICATION—SINGAPORE BUFFALO HIDES—"CATTLE"—EJUSDEM GENERIS.
    Singapore buffaloes are not "cattle," because they are not domesticated, and their hides are therefore not within the provision for hides of "cattle," in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 437, 30 Stat. 192 (U. S. Comp. St. 1901, p. 1676). Furthermore, the presence in the same paragraph of a drawback provision with respect to leather indicates an intention to include therein only such hides as can be tanned into leather, a use of which these Singapore hides are not susceptible.
    [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.*
    For other definitions, see Words and Phrases, vol. 2, pp. 1005–1008.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below, which is reported as G. A. 6,809 (T. D. 29,266), reversed the assessment of duty by the collector of customs at the port of New York. The question at issue is whether Singapore buffalo

hides are classifiable under paragraph 437, Tariff Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 192 (U. S. Comp. St. 1901, p. 1676), or under paragraph 664, Free List, § 2, 30 Stat. 201 (U. S. Comp. St. 1901, p. 1688), the pertinent portions of which read as follows:

"437. Hides of cattle, raw or uncured, whether dry, salted, or pickled, fifteen per centum ad valorem: Provided, that upon all leather exported, made from imported hides, there shall be allowed a drawback equal to the amount of duty paid on such hides, to be paid under such regulations as the Secretary of the Treasury may prescribe."

"664. * * * Hides not specially provided for in this act."

D. Frank Lloyd, Asst. U. S. Atty.

B. A. Levett, for importers.

PLATT, District Judge. These hides are exactly the same as those held free in United States v. Winter & Smillie, T. D. 25,184, affirmed by the Circuit Court of Appeals (134 Fed. 841, 67 C. C. A. 437, T. D. 25,901), and acquiesced in by the government December 23, 1904 (T. D. 25,886). They are Singapore hides, coming from the Straits Settlements. Since the above decision another class of hides, known as "Calcutta hides," have been decided to be dutiable as cattle hides at 15 per cent. ad valorem under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 437, 30 Stat. 192 (U. S. Comp. St. 1901, p. 1676). Schmoll v. United States, 157 Fed. 1005, 85 C. C. A. 679, T. D. 28,604. It is conceded that these latter hides come from a domesticated buffalo and when tanned can be used for leather.

I do not see how the government can expect to have the hides in suit classified as cattle hides, unless they have shown that, like the Calcutta hides, these hides are also taken from domesticated buffalo and when tanned can be used for leather. I am aware of the general rule that the uses to which an imported article is to be put do not control the classification; but where we find a paragraph like 437 it would seem that an exception to the rule is at hand. It is the first paragraph of the leather schedule, and, after fixing an ad valorem rate of 15 per cent. on "hides of cattle," a proviso is inserted as to a drawback upon exported leather made of imported hides. There being no other provision for a duty on hides, and all other hides being made free by paragraph 664, it would seem that Congress must have had the leather industry in mind when it passed paragraph 437.

Decision affirmed.