## LORD & TAYLOR v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 8, 1910.)

No. 153 (5,466).

CUSTOMS DUTIES (§ 32*)—CLASSIFICATION—"COTTON CLOTH."

A fabric containing 37 per cent. of jute is not within the definition of "cotton cloth," in Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 310, 30 Stat. 178 (U. S. Comp. St. 1901, p. 1659), as including "all woven fabrics of cotton."

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 32.*

For other definitions, see Words and Phrases, vol. 2, p. 1642.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 172 Fed. 282.

This cause comes here upon appeal from a decision of the Circuit Court, Southern District of New York, affirming a decision of the Board of General Appraisers (G. A. 6,875 [T. D. 29,596]), which affirmed the collector's classification for duty of certain printed taffata, a woven fabric composed of cotton and jute, cotton chief value, counting between 50 and 100 threads to the square inch. The relative values of component materials are 63 per cent. cotton and 37 per cent. jute. The relevant paragraphs of Tariff Act July 24, 1897, c. 11, § 1. Schedule I, 30 Stat. 175, 178, 179 (U. S. Comp. St. 1901, pp. 1656, 1659, 1661), are:

"322. All manufactures of cotton not specially provided for in this act. * * *"

"305. Cotton cloth * * * exceeding fifty and not exceeding one hundred threads to the square inch. * * *"

"310. The term 'cotton cloth,' or 'cloth,' wherever used in the paragraphs of this schedule, unless otherwise specially provided for, shall be held to include all woven fabrics of cotton in the piece or otherwise, whether figured, fancy, or plain, the warp and filling threads of which can be counted by unraveling or other practicable means."

Comstock & Washburn (Albert H. Washburn, of counsel, and J. Stuart Tompkins, on the brief), for appellants.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Martin T. Baldwin, Sp. Atty., of counsel), for the United States.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The various authorities relied upon by appellants are referred to in the opinion of the Board of General Appraisers. G. A. 5,018 (T. D. 23,348). The question is a close one, but we are of the opinion that it would extend these authorities too far to hold that a woven fabric which contains 37 per cent. of jute is a "woven fabric of cotton," which is the definition of cotton cloth given in paragraph 310.

The decision is affirmed.