GLASS & CO. *v.* UNITED STATES (No. 1169).[1]

UNION DAMASK TABLE COVERS.

> Cotton table damask is substantially wholly made of cotton. A substantial portion of the merchandise here is of flax, though of chief value of cotton. It was properly held dutiable as manufactures of which the component material of chief value is cotton under paragraph 332, tariff act of 1909.

United States Court of Customs Appeals, October 31, 1913.

APPEAL from Board of United States General Appraisers, Abstract 31519 (T. D. 33242).

[Affirmed.]

*Jules Chopak, jr.,* for appellants.

*William L. Wemple,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The merchandise as commonly known in trade and described by importers' witness consists of " union tablecloths " and " union damask table covers." They were assessed for duty by the collector at the port of New York as manufactures of which cotton is the component material of chief value under the provisions of paragraph 332 of the tariff act of 1909, reading:

332. All articles made from cotton cloth, whether finished or unfinished, and all manufactures of cotton, or of which cotton is the component material of chief value, not specially provided for in this section, forty-five per centum ad valorem.

The appellants, who were the protestants below, make claim that the merchandise is properly dutiable under the provisions of paragraph 331 of the said act as " cotton table damask," which paragraph provides:

331. Cotton table damask, forty per centum ad valorem; manufactures of cotton table damask or of which cotton table damask is the component material of chief value, not specially provided for in this section, forty per centum ad valorem.

There is no serious controversy that the merchandise is, as indicated by the testimony, what is known as union goods, being composed of a cotton warp and a linen weft. The cotton is admittedly the component material of chief value, although the exact proportions in value of the cotton and flax are not shown by the record.

The controlling fact in the case, however, is that the weft of the goods, which without question is a substantial portion thereof, is of linen. The case turns upon the construction to be given the words " cotton table damask " in paragraph 331. The board held, and we agree, that in order to come within this designation the merchandise

---

[1] Reported in T. D. 33856 (25 Treas. Dec., 405).

must be substantially wholly of cotton and that goods such as these wherein a substantial portion thereof is of flax are not dutiable as cotton table damask. This accords with the uniform holding of many years of the Board of General Appraisers that so-called union goods are not dutiable as cotton cloth or as cotton table damask, but are properly dutiable under the catchall clauses providing for the manufactures of which cotton or other vegetable fiber, as the particular case may be, is the component material of chief value. The question is one so well settled in customs adjudication that further consideration is unnecessary. Swan *v.* Arthur (103 U. S., 597); Barber *v.* Schell (107 U. S., 617); Lord & Taylor *v.* United States (178 Fed., 270); Robertson *v.* Edelhoff *et al.* (91 Fed., 642); United States *v.* Burne (4 Ct. Cust. Appls., 298; T. D. 33515).

*Affirmed.*