(C.D. 2083)

CHESTER K. STONER *v*. UNITED STATES

United States Customs Court, First Division

(Decided May 20, 1959)

*Stein & Shostak* (*Marjorie M. Shostak* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Richard H. Welsh, William J. Vitale*, and *Samuel D. Spector*, trial attorneys), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: The merchandise the subject of the above-entitled protest consists of baskets imported from Mexico. Duty was assessed thereon at the rate of 50 per centum ad valorem under the provision in paragraph 411 of the Tariff Act of 1930 for "bas-

kets * * * wholly on in chief value of * * * wood * * *." Various claims are made in the protest and, by timely amendment thereof, for duty at lower rates, but the claim chiefly relied upon is for duty at the rate of 25 per centum ad valorem under the provision in the same paragraph and act, as modified by the Presidential proclamation relating to the protocol of terms of accession by Japan to the General Agreement on Tariffs and Trade, T.D. 53865, for "Baskets * * * wholly or in chief value of bamboo."

There is not any question but that the material of which the imported baskets was made was a substance known in Mexico, and, apparently, in the United States as "carrizo." There is no doubt, from the record made on the trial of the issue, that, in a technical, scientific, i.e., botanical, sense, carrizo is not bamboo. Plaintiff, however, relies on a well-settled rule of construction of tariff statutes that where the common understanding of a tariff term differs from its scientific meaning, the common meaning prevails. A leading case on the rule is *Two Hundred Chests of Tea*; *Smith, Claimant*, 9 Wheat. (22 U.S.) 428, 6 L. ed. 128, and a more recent expression is found in *Central Commercial Co. et al.* v. *United States*, 11 Ct. Cust. Appls. 131, T.D. 38935. Plaintiff contends that baskets made of carrizo have, since, at, and prior to the passage of the Tariff Act of 1930, been commonly and commercially known and dealt in as bamboo baskets and, hence, should take classification under the bamboo baskets provision.

As is the case with all rules of statutory construction, the cited rule does not apply where long-continued administrative practice, judicial decision, or manifest legislative intent to the contrary can be shown. However, none of these have been asserted to exist, and, moreover, such evidence on the point of administrative practice as is contained in the record is to the effect that such practice at and prior to the passage of the Tariff Act of 1930 and up to a time shortly before the date of the instant importation was to classify baskets of carrizo as baskets of bamboo.

Although the situation with respect to classification by the collector and claim by the importer was the reverse of that in the case at bar, the considerations involved in the case of a tariff provision covering a commodity by the use of a term having differing popular and scientific meanings was thoroughly discussed in the opinion of our appellate court in the case of *Meyer & Lange et al.* v. *United States*, 6 Ct. Cust. Appls. 181, T.D. 35436.

There, the tariff term was "mackerel," and it was contended that tunny, or tuna, fish was embraced by the term. Evidence was offered which established that the tunny fish is, scientifically speaking, a member of the mackerel family, but it was pointed out by our appellate court that, in its common or commercial acceptation of the term, the tunny fish was not regarded, bought, or sold as mackerel.

Our appellate court noted in its opinion in that case that the scientific classification of the tunny as a mackerel was recognized by most, if not all, dictionaries, but did not consider that fact to control its decision in the face of common knowledge that popular usage excluded the tunny from the fish which were commonly or commercially regarded as mackerel.

Applying these principles to the case at bar, we find that most of the dictionary definitions cited by counsel for the plaintiff in the brief filed in his behalf identify bamboo in terms of the genera to which botanically it belongs, and none of which seem to be that of carrizo. Plaintiff, however, has offered, as an aid to the court, oral and documentary evidence which clearly demonstrates that, in the trade and commerce of the United States dealing in baskets, baskets such as those at bar, at, prior, and since the passage of the Tariff Act of 1930, have been known, bought, and sold as bamboo baskets.

This evidence has not been contradicted or controverted, and, under the rule that tariff acts are drafted in the language of commerce, which is presumptively that in common use (*Swan* v. *Arthur*, 103 U.S. 597), we hold, as matter of law, that the term "baskets * * * wholly or in chief value of * * * bamboo," as used in paragraph 411 of the tariff act of 1930, *supra*, as originally enacted and in the modification thereof contained in the Presidential proclamation reported in T.D. 53865, *supra*, includes baskets, wholly or in chief value of carrizo.

As that provision is relatively more specific in its description of the merchandise than the provision under which it was classified by the collector, the protest claim for duty at the rate of 25 per centum ad valorem under paragraph 411 of the tariff act, as modified, is, therefore, sustained, and judgment will issue accordingly.