No. 63691.—F. W. Woolworth Co. v. United States, protest 58/16379 (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of iron pictures the same in all material respects as those the subject of *Marshall Field & Co.* v. *United States* (45 C.C.P.A. 72, C.A.D. 676), the claim of the plaintiff was sustained.

No. 63692.—Cathay Crafts Corp. and Keff Co., Inc. v. United States, protests 59/2199 and 59/2320 (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of iron pictures the same in all material respects as those the subject of *Marshall Field & Co.* v. *United States* (45 C.C.P.A. 72, C.A.D. 676), the merchandise was held dutiable, as claimed, at the applicable rates in effect on the respective dates of importation under the pertinent trade agreements.

BEFORE THE FIRST DIVISION, JANUARY 12, 1960

No. 63693.—La Casa Mexicana et al. v. United States, protests 312313–K, etc. (Brownsville).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of carrizo baskets the same in all material respects as those the subject of *Chester K. Stoner* v. *United States* (42 Cust. Ct. 178, C.D. 2083), the claim of the plaintiffs was sustained.

No. 63694.—Fruit & Easter Basket Co. et al. v. United States, protests 330051–K, etc. (Tampa).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of carrizo baskets the same in all material respects as those the subject of *Chester K. Stoner* v. *United States* (42 Cust. Ct. 178, C.D. 2083), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, JANUARY 12, 1960

No. 63695.—H. A. Mack & Co. *v.* United States, protest 309743-K (Boston).

LAWRENCE, Judge: The importation in controversy is represented by exhibit 1 herein, attached to a card which describes the article as a—

The merchandise was classified in paragraph 354 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 354), as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, supplemented by Presidential proclamation, 86 Treas. Dec. 337, T.D. 52820, which enumerates among other things, "all knives by whatever name known, including such as are denominatively mentioned in the Tariff Act of 1930, which have folding or other than fixed blades or attachments, valued * * * Over $1.25 but not over $3 per dozen," and duty was imposed thereon at the rate of 9 cents each and 27½ per centum ad valorem.

Plaintiff claims that the merchandise is a kitchen knife of a kind made dutiable at 1 cent each and 17½ per centum ad valorem, or, alternatively, at 4 cents each and 17½ per centum ad valorem, in paragraph 355 of said act (19 U.S.C. § 1001, par. 355), as modified, *supra.*

The pertinent text of the statutes invoked herein reads as follows:

Paragraph 354, as modified, *supra*:

Penknives, pocketknives, clasp knives, pruning knives, budding knives, erasers, manicure knives, and all knives by whatever name known, including such as are denominatively mentioned in the Tariff Act of 1930, which have folding or other than fixed blades or attachments, valued—

    *       *       *       *       *       *

Over $1.25 but not over $3 per dozen_____ 9¢ each and 27½% ad val.

Paragraph 355, as modified, *supra*:

* * * kitchen * * * and similar knives, * * * not specially provided for:

    *       *       *       *       *       *       *

With handles of wood or wood and steel:

    *       *       *       *       *       *       *

Not specially designed for other than household, kitchen, or butchers' use:

Under 4 inches long, exclusive of handle_____ 1¢ each and 17½% ad val.

4 inches or more long exclusive of handle_____ 4¢ each and 17½% ad val.

An examination of exhibit 1 discloses that it consists of a single piece of metal, 7 inches long, fastened in the center to a wooden handle in such manner that it