No. 63702.—Matoon & Company and Pan American World Airways v. United States, protest 58/23729 (San Francisco).

Opinion by JOHNSON, J. In accordance with rule 5(b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution.

No. 63703.—The A. W. Fenton Co., Inc. v. United States, protest 59/14561 (Cleveland).

Opinion by JOHNSON, J. In accordance with rule 5(b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution.

No. 63704.—Peterson Steels, Inc. v. United States, protest 58/10003-9997 (Chicago).

Opinion by RICHARDSON, J. It was stipulated that had the nondutiable charges been distributed in liquidation so as to apply to each commodity the charges incurred thereon, the value of the steel bars would have been found to be not over 12 cents per pound and said bars would have been classified at 1.1 cents per pound under paragraph 304, as modified, *supra*. In view of the stipulation, which set forth the exact charges as they were incurred in relation to the merchandise in question, the collector was directed to reliquidate the entries and apportion the nondutiable charges allowed by the appraiser so as to apply to each commodity the charges actually paid thereon. It was further held that the steel bars are dutiable as claimed.

BEFORE THE FIRST DIVISION, JANUARY 14, 1960

No. 63705.—L. H. Graves, a/c C. H. Harden & Son, Inc. v. United States, protests 312312-K, etc. (Brownsville).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of carrizo baskets the same in all material respects as those the subject of *Chester K. Stoner* v. *United States* (42 Cust. Ct. 178, C.D. 2083), the claim of the plaintiff was sustained.